**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JARVIS FORTSON,**

    Petitioner,

vs.                                                   Case No.: 4:13cv551-MW/CAS

**MICHAEL CREWS,**

    Respondent.
_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON**

On September 26, 2013, Petitioner Jarvis Fortson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  After direction by this Court, Petitioner filed an amended § 2254 petition, with exhibits.  Doc. 5. Petitioner challenges convictions and sentences imposed by the Second Judicial Circuit Court, Gadsden County, on February 9, 2001, following a bench trial.  Doc. 5. Respondent has filed a motion to dismiss as an unauthorized successive petition. Doc. 13.  Petitioner has filed a reply to that motion.  Doc. 14.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that the petition is untimely and should be dismissed.  See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

Petitioner indicates that on February 9, 2001, he was convicted of one count of attempted murder and one count of possession of a firearm by a convicted felon in Gadsden County, case number 99-760-CFA.  Doc. 5.  Petitioner was sentenced to life with 25 years.  Id.  Petitioner states that on February 23, 2004, he appealed to the First District Court of Appeal (DCA).  Id. at 2.  Briefs were filed.  Id.  The First DCA denied his appeal.  Id.

Petitioner further states that on February 7, 2005, he filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in Gadsden County, alleging eight claims of ineffective assistance of counsel.  Id. at 3.  On July 27, 2006, the trial court denied the post-conviction motion after an evidentiary hearing was conducted.  Id.

On November 3, 2008, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Florida, assigned case number 4:08cv489-RH/WCS.  See Fortson v. McNeil, No. 4:08cv489-RH/WCS, 2010 WL 5510076, at *1 (N.D. Fla. Sept. 22, 2010), Doc. 1 (petition).  On September 22, 2010, the petition was denied with prejudice.  Id.  Docs. 33 (report and recommendation to

deny petition) and 43 (order denying petition and accepting report and recommendation).

The Petitioner states that on September 18, 2011, he filed another motion Rule 3.850 motion in Gadsden County, alleging "the trial court erred by convicting the Petitioner on true inconsistent verdict." Doc. 5 at 4. The motion was denied on February 28, 2012. Id.

As indicated above, Petitioner initiated this § 2254 proceeding on September 26, 2013, Doc. 1, and filed an amended § 2254 petition on October 15, 2013, Doc. 5. On March 31, 2014, Respondent filed a motion to dismiss the petition as an unauthorized second or successive petition. Doc. 13. On April 9, 2014, Petitioner filed a reply to that motion to dismiss. Doc. 5.

## Analysis

Petitioner did not show a jurisdictional basis for the instant habeas action. Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition. Specifically, both petitions challenge the judgment entered February 9, 2001, for attempted murder and possession of a firearm by a convicted felon. Doc. 1 at 1; Fortson, No. 4:08cv489-RH/WCS, Doc. 5 at 1. The denial of the prior § 2254 petition on the merits, with prejudice, renders future petitions under § 2254 challenging the same conviction second or successive petitions under 28 U.S.C. § 2254(b). See Murray v. Greiner, 394 F. 3d 78, 80 (2d Cir. 2005). Thus, the instant petition is second or successive, for purposes of § 2244(b)(3)(A).

This Court cannot consider a second or successive § 2254 petition unless a United States Court of Appeals has authorized its filing. See 28 U.S.C. § 2244(b)(3);

Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file a second petition).  This amended § 2254 petition should be dismissed because Petitioner did not obtain authorization from a Court of Appeals.

## Conclusion

For the reasons stated above, the § 2254 petition is an unauthorized second or successive petition.  Therefore, this Court does not have jurisdiction to consider it and it should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).[1]  Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App.

---

[1] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:13cv551-MW/CAS

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 13) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (Doc. 5) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2014.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**